UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ x
JAMAL JOSEPH HAMED,

      Plaintiff,

—against—

CITIBANK, N.A.,

      Defendant,

------------------------------------------------------------ x

Case No. 1:24-cv-00226-AMD-JRC

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Citibank, N.A. ("Defendant" or "Citibank"), by and through its undersigned attorneys, Goodwin Procter LLP, hereby answers the Complaint (the "Complaint") filed by plaintiff Jamal Joseph Hamed ("Plaintiff" or "Hamed"). Except as expressly admitted herein, each and every allegation in the Complaint is denied.

### INTRODUCTION[1]

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint except admits that Plaintiff initiated a wire transfer of USD 2,692,307.69 (the equivalent of 18,200,000 South African Rand (ZAR) under applicable foreign exchange ("FX") conversion rates at that time) from Samba Bank on June 11, 2011 (the "Original Funds"). Defendant further states that Citibank received USD 2,682,348.09 because Samba Bank retained USD 9,959.60 in wire transfer fees.

---

[1] Section headings set forth in the Complaint are repeated herein solely for ease of reference. Defendant does not admit, and expressly denies, the characterizations in the Complaint's section headings set forth herein.

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint except admits that USD 2,640,091.68 of Plaintiff's wire transfer was blocked on June 16, 2011, pursuant to the applicable Department of Treasury Office of Foreign Asset Control ("OFAC") U.S. Zimbabwe Sanctions Regulations, 31 CFR Part 541 (the "ZSR").

4. Defendant denies the allegations contained in Paragraph 4 of the Complaint except admits that Defendant reported to OFAC on June 21, 2011 that Defendant had blocked $2,640,091.68 of Plaintiff's wired funds (the "Blocked Funds").

5. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint except admits that OFAC issued a license to Plaintiff on January 23, 2023 and that the Blocked Funds remained in Citibank's custody until February 6, 2023.

6. Defendant denies the allegations contained in Paragraph 6 of the Complaint except admits that, on February 6, 2023, Defendant remitted payment of $2,663,459.36 to Plaintiff (the "Returned Funds"), that this amount was less than the Original Funds due to Samba Bank's wire transfer fee and due to a difference in the applicable FX conversion rates applied on June 13, 2011 when Citibank received the wire transfer and converted the USD 2,682,348.09 to ZAR 18,200,000.00 (at a rate of 6.785) and on June 16, 2011 when Citibank converted the ZAR 18,200,000.00 to USD 2,640,091.68 (at a rate of 6.894) as it was required to do before blocking those funds. Citibank further admits that Plaintiff contacted Defendant on February 7, 2023, to request the return of any interest owed on the Blocked Funds.

7. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint to the extent they pertain to Plaintiff's retention of counsel. Defendant denies the remainder of the allegations contained in Paragraph 7

2

of the Complaint except admits that Plaintiff's counsel contacted Defendant beginning in March 2023 and that Defendant subsequently informed Plaintiff's counsel that Defendant did not owe any further payment to Plaintiff, that Defendant had already paid the interest that accrued on the Blocked Funds, and that the difference between the funds originally received by Citibank and the Blocked Funds was due to a difference in the prevailing FX conversion rates in June 2011 at the times when the funds were received and when the funds were blocked.

8. Paragraph 8 of the Complaint contains legal conclusions to which no response is required, but to the extent a response is required, Defendant denies the allegations.

9. Defendant denies the allegations contained in Paragraph 9 of the Complaint.

## JURISDICTION AND VENUE

10. Paragraph 10 of the Complaint contains a legal conclusion to which no response is required.

11. Paragraph 11 of the Complaint contains a legal conclusion to which no response is required.

12. Paragraph 12 of the Complaint contains a legal conclusion to which no response is required.

## THE PARTIES

13. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of the Complaint, except admits that Citibank is a financial institution that provides a wide array of banking, lending and investment services, and further states that Citibank, N.A. is a national bank organized under the laws of the United States with its main office in Sioux Falls, South Dakota.

## FACTUAL ALLEGATIONS

**IEEPA and OFAC's Implementation of Sanctions**

15. Paragraph 15 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

16. Paragraph 16 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

17. Paragraph 17 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

18. Paragraph 18 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

19. Paragraph 19 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

20. Paragraph 20 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

21. Paragraph 21 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

22. Paragraph 22 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

23. Paragraph 23 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

**U.S. Sanctions on Zimbabwe**

24. Paragraph 24 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

25. Paragraph 25 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

26. Paragraph 26 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

27. Paragraph 27 of the Complaint contains legal conclusions and characterizations of regulatory obligations to which no response is required, and to the extent a response is required, Defendant refers to the applicable OFAC regulations.

**Plaintiff's Original Funds Are Blocked**

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint except admits that, on June 11,

2011, Plaintiff transferred USD 2,682,348.09 from Samba Bank to CBZ Bank Limited ("CBZ Bank").

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint except admits that, on June 13, 2011, Citibank, the correspondent bank, received USD 2,682,348.09 (the Original Funds minus Samba Bank's wire transfer fee).

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint except Defendant admits that, on June 16, 2011, Citibank blocked $2,640,091.68 of Plaintiff's funds pending receipt of a license from OFAC permitting Citibank to release the Blocked Funds.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint except admits that, on June 21, 2011, Defendant reported to OFAC that it had blocked $2,640,091.68 of Plaintiff's funds.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

**Plaintiff Obtains an OFAC License Unblocking the Funds**

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint except admits that OFAC issued a license on January 23, 2023 authorizing Citibank to return the Blocked Funds to Plaintiff, and that OFAC emailed Citibank that license on January 24, 2023.

**Defendant Citibank Refuses to Pay Interest on the Original Funds**

37. Defendant denies the allegations contained in Paragraph 37 and Footnote 1 of the Complaint except admits that, on February 6, 2023, Defendant returned $2,663,459.36, which includes applicable accrued interest, to Plaintiff's bank account at National Bank of Fujairah, as directed by Plaintiff. Defendant further states that the difference between the Original Funds and the Blocked Funds was due to Samba Bank's wire transfer fee and due to the difference in the applicable FX rates applied on June 13, 2011 when Citibank received the wire transfer and converted the USD 2,682,348.09 to ZAR 18,200,000.00 (at a rate of 6.785) and on June 16, 2011 when Citibank converted the ZAR 18,200,000.00 to USD 2,640,091.68 (at a rate of 6.894) as it was required to do before blocking those funds.

38. Defendant denies the allegations contained in paragraph 38 of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint except admits that, following Plaintiff's letter dated March 15, 2023, Defendant conveyed to Plaintiff's counsel that Citibank had already paid Plaintiff the interest that accrued on the Blocked Funds, and further that the difference between the funds originally received by Citibank and the Blocked Funds was due to the prevailing FX conversion rates in June 2011.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint except admits that, following Plaintiff's letter dated March 15, 2023, Defendant conveyed to Plaintiff's counsel that Citibank had already paid Plaintiff the interest that accrued on the Blocked Funds,

and further that the difference between the funds originally received by Citibank and the Blocked Funds was due to the prevailing FX conversion rates in June 2011.

43. Defendant denies the allegations contained in Paragraph 43 of the Complaint.

## **LEGAL CLAIMS**

### **COUNT I**
### **CONVERSION**

44. Defendant hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 43 of the Complaint, inclusive.

45. Defendant states that the allegations contained in Paragraph 45 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant states that the allegations contained in Paragraph 46 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant states that the allegations contained in Paragraph 47 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of the Complaint.

### **COUNT II**
### **UNJUST ENRICHMENT**

48. Defendant hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 47 of the Complaint, inclusive.

49. Defendant states that the allegations contained in Paragraph 49 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant states that the allegations contained in Paragraph 50 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant states that the allegations contained in Paragraph 51 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant states that the allegations contained in Paragraph 52 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 52 of the Complaint.

## COUNT III
## BREACH OF FIDUCIARY DUTY

53. Defendant hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 52 of the Complaint, inclusive.

54. Defendant states that the allegations contained in Paragraph 54 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 54 of the Complaint.

55. Defendant states that the allegations contained in Paragraph 55 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 55 of the Complaint.

56. Defendant states that the allegations contained in Paragraph 56 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 56 of the Complaint.

## COUNT IV
## NEGLIGENCE

57. Defendant hereby incorporates by reference, as if fully set forth herein, its answers and responses to Paragraphs 1 through 56 of the Complaint, inclusive.

58. Defendant states that the allegations contained in Paragraph 58 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 58 of the Complaint.

59. Defendant states that the allegations contained in Paragraph 59 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant states that the allegations contained in Paragraph 60 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant states that the allegations contained in Paragraph 61 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 61 of the Complaint.

## RELIEF REQUESTED

Defendant denies that Plaintiff is entitled to any judgment against Defendant, including, but not limited to any judgment sought by Plaintiff in sub-parts (a)-(e) of the Prayer for Relief set forth in the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of limitations.

### Third Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the applicable statutes of repose.

### Fourth Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the doctrine of laches because Plaintiff failed to obtain and submit the necessary documentation to OFAC that existed prior to the wire transfer that was blocked pursuant to OFAC regulations.

### Fifth Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of accord and satisfaction as Citibank has paid Plaintiff all applicable interest that accrued on the Blocked Funds pursuant to OFAC regulations.

### Sixth Affirmative Defense

Plaintiff's claims for relief are barred, in whole or in part, by the doctrines of ratification, waiver and/or estoppel as Citibank has paid Plaintiff the interest that accrued on the Blocked Funds and those funds were returned to Plaintiff on February 6, 2023.

### Seventh Affirmative Defense

Plaintiff's claims are barred by the doctrines of contributory negligence, contributory fault, or comparative fault, because Plaintiff's alleged damages, if any, were caused by Plaintiff's failure to obtain and submit the necessary documentation to OFAC that existed prior to Citibank's blocking of his funds.

**Eighth Affirmative Defense**

Plaintiff's claims for relief are barred by preemption doctrines pursuant to applicable OFAC regulations and/or the Uniform Commercial Code.

**Ninth Affirmative Defense**

Plaintiff's claims for relief are barred, in whole or in part, by doctrines of contribution and/or indemnification.

Defendant does not waive any applicable affirmative defenses and reserves the right to rely upon such other defenses and affirmative defenses as may become available or arise during discovery or at trial, and hereby reserves the right to amend its Answer to assert any such defense or affirmative defense.

**WHEREFORE**, having fully answered the Complaint, Defendant respectfully requests that this Court enter judgment in its favor, deny Plaintiff's request for relief, award Defendant reasonable costs incurred in the defense of this action, and grant Defendant such other and further relief as this Court deems just and proper.

Dated: March 4, 2024
    New York, New York

Respectfully submitted,

**GOODWIN PROCTER LLP**

/s/ Samuel J. Rubin
Samuel J. Rubin
Lindsay E. Hoyle
The New York Times Building
620 Eighth Avenue
New York, New York 10018
Tel (212) 813-8800
Fax (212) 355-3333
SRubin@goodwinlaw.com
LHoyle@goodwinlaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 4, 2024, I filed and therefore caused the foregoing document to be served via the CM/ECF system in the United States District Court for the Eastern District of New York on all parties registered for CM/ECF in the above-captioned matter.

/s/ Samuel J. Rubin
Samuel J. Rubin